## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LENARD ROBINSON,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 5821 NW 72nd Street | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| **ECOLLECT SOLUTIONS, LLC,** | ) | |
| *Registered Agent:* | ) | **REQUEST FOR JURY TRIAL** |
| INCORP SERVICES, INC. | ) | |
| 2847 S. Ingram Mill Rd., Ste. A100 | ) | |
| Springfield, MO 65804 | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Lenard Robinson by and through his attorney, and for his cause of action against Defendant eCollect Solutions, LLC, states and alleges as follows:

### Parties and Jurisdiction

1.      This is a consumer protection case based upon and arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"); Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. ("KCPA"); and Kansas common law.

2.      Plaintiff Lenard Robinson ("Plaintiff") is a citizen of the United States, domiciled in Bonner Springs, Wyandotte County, Kansas.

3.      Plaintiff was born in 1980, and is currently employed by Standard Motor Products, Inc., at a location in Edwardsville, Kansas.

4.      Defendant eCollect Solutions, LLC (hereinafter "eCollect Solutions") is a limited liability company organized under the laws of Missouri, with one or more members domiciled outside the State of Kansas.

5.      Defendant eCollect Solutions conducts substantial and continuous business in the State of Kansas.

6.      The principal purpose of eCollect Solutions' business is the collection of debts.

7.      At all relevant times, eCollect Solutions regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.      The "About Us" section of eCollect Solutions' website reads, in part: "Ecollect Solutions provides judgment recovery services for clients in Missouri and Kansas. Based in Kansas City, Missouri, we have more than 25 years of experience in the collections industry, and we rely on the latest technologies to get results for both accounts receivable collections and civil judgments."

9.      eCollect Solutions is a "debt collector" within the meaning of the FDCPA.

10.     Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are part of the same case or controversy as the claim that arises under federal law.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

<u>**Additional Factual Allegations**</u>

13.      On September 17, 2013, Mark and Connie Bush ("the Bushes") filed a Landlord's Petition in the Circuit Court of Jackson County, Missouri at Kansas City, Associate Circuit Division, Case No. 1316-CV23441, against an individual defendant named Lenard Robinson for possession and allegedly unpaid rent in the amount of $1650.00 related to a residential property the Bushes owned at 10006 Belmont, Kansas City, Missouri, 64134.

14.      In 2013, Plaintiff lived in Lincoln, Nebraska.

15.      Plaintiff did not rent the residential property located at 10006 Belmont, Kansas City, Missouri, 64134 from the Bushes and has not ever rented any residential property from the Bushes.

16.      Plaintiff is not the Lenard Robinson against whom the Bushes filed their Landlord's Petition in Case No. 1316-CV23441.

17.      On or around October 24, 2013, the Circuit Court of Jackson County, Missouri at Kansas City, Associate Circuit Division, entered a default judgment in Case No. 1316-CV23441 against the individual defendant in that matter named Lenard Robinson for possession of the residential premises and for unpaid rent in the amount of $1,746.00 plus costs.

18.      Upon information and belief, the Bushes did not receive any payment from the judgment debtor Lenard Robinson of the amount awarded to them in the default judgment entered in Case No. 1316-CV23441.

19.      On or around July 19, 2018, the Bushes assigned their judgment interest in the default judgment they obtained in Case No. 1316-CV23441 to eCollect Solutions.

20.      On or around October 26, 2020, eCollect Solutions filed a miscellaneous action entitled *Mark Bush et al. v. Lenard Robinson,* Case No. 20CV04473, in the District Court of

Johnson County, Kansas, to register the judgment assigned to it by the Bushes in Case No.1316-CV23441.

21.     On the same date, Godwin Iloka ("Iloka"), on behalf of eCollect Solutions, filed an unsigned and unsworn Affidavit in Support of Registration of Foreign Judgment in the amount of $1746.00 plus costs with the District Court of Johnson County, Kansas.

22.     In his affidavit, Iloka identified the address of the purported judgment debtor from Case no. 1316-CV23441 named Lenard Robinson as 208 Old 63 N #22, Columbia, Missouri, 65201.

23.     In his affidavit, Iloka also indicates, in separate instances, that he and the Bushes are the judgment creditors in case No.1316-CV23441, despite the fact that the Bushes assigned their judgment interest in that case to eCollect Solutions in 2018.

24.     In apparent reliance on Iloka's unsigned and unsworn affidavit, the Kansas clerk of court entered the Bushes as the plaintiffs in Case No. 20CV04473.

25.     A reasonably diligent search of the Kansas Supreme Court Attorney Directory reveals no attorney named Godwin Iloka licensed to practice law in the state of Kansas.

26.     Under information and belief, Plaintiff alleges that Iloka is not authorized to engage in the practice of law in the state of Kansas.

27.     Plaintiff resides in Bonner Springs, Kansas, and has never resided at 208 Old 63 N #22, Columbia, Missouri, 65201.

28.     On October 26, 2020, a Request for Garnishment was filed on behalf of eCollect Solutions in Case No. 20CV04473 by Michael Anderson ("Anderson"), a representative of eCollect Solutions, to garnish Plaintiff's wages from his employer, Standard Motor Products, Inc.

29.     Anderson's name and business contact information are provided on a Request for Garnishment form above the phrase "Attorney for Judgment Creditor".

30.     A reasonably diligent search of the Kansas Supreme Court Attorney Directory reveals that there is an attorney named Michael Anderson licensed to practice law in the state of Kansas.

31.     However, the business address for attorney Michael Anderson according to the Kansas Supreme Court Attorney Directory does not match the business address provided by Anderson on eCollect Solutions' Request for Garnishment.

32.     Under information and belief, Plaintiff alleges that Anderson is not authorized to engage in the practice of law in the state of Kansas.

33.     In its Request for Judgment, eCollect Solutions indicated the judgment amount for which it sought to garnish Plaintiff's wages was $3069.04.

34.     An order on said request for garnishment was entered by the court on the same day.

35.     Said garnishment order was served on Plaintiff's employer in Edwardsville, Kansas—an approximately two-and-a-half hour drive from Columbia, Missouri—on or around November 4, 2020.

36.     Shortly thereafter, Plaintiff's employer began garnishing his wages pursuant to the garnishment order it received in Case No. 20CV04473.

37.     Plaintiff did not receive timely notice of the garnishment order in Case No. 20CV04473 from eCollect Solutions after the order was served on his employer as required by K.S.A. § 60-735.

38.     Because eCollect Solutions did not provide Plaintiff with timely notice of the garnishment order, he was thus deprived of his opportunity to request a hearing regarding the garnishment in Case No. 20CV04473.

39.     On November 13, 2020, Plaintiff reviewed his electronic paystub from his employer which reflected that $208.66 had been garnished from his wages for that pay period.

40.     That same day, Plaintiff contacted the human resources department of his employer to inquire into the source of the garnishment, as he had not received any notice of a garnishment order, and was not aware of any unpaid judgments against him for which his wages would be garnished.

41.     The human resources department provided Plaintiff with information and documentation reflecting the garnishment order it received from Case No. 20CV04473, including the contact information for Anderson.

42.     Plaintiff immediately noticed that the garnishment order paperwork his employer had received indicated that the judgment debtor named Lenard Robinson's address was 208 Old 63 N #22, Columbia, Missouri, 65201.

43.     Plaintiff informed his employer that he had never lived at the Columbia, Missouri, address listed on that paperwork.

44.     Plaintiff then contacted the apartment manager for the address listed for Lenard Robinson in Columbia, Missouri, who confirmed that a different Lenard Robinson (who was approximately 46 years old) did reside at that address.

45.     Further research revealed information available for Case No. 1316-CV23441 on Missouri's CaseNet system, including information about the year of birth and last four digits of

the social security number of the Lenard Robinson against whom the Bushes had received a default judgment.

46.     Plaintiff called Anderson on November 13, 2020, and left a voicemail to inform eCollect Solutions that they were garnishing the wages of the wrong Lenard Robinson.

47.     Plaintiff also sent an email to Anderson on November 13, 2020, indicating that his social security number, date of birth, and past and current addresses did not correspond to those of the Lenard Robinson against whom the Bushes had obtained the default judgment.

48.     For example, the information available on CaseNet for Case No. 1316-CV23441 indicated the defendant named Lenard Robinson was born in 1973, while Plaintiff was born in 1980.

49.     Plaintiff made additional repeated attempts to contact Anderson by telephone and/or email on November 15, 16, and 17, 2020.

50.     On November 17, 2020, Plaintiff took a half-day off work to drive to the business office for eCollect Solutions, but Anderson was not in the office, and Plaintiff was unable to obtain assistance from any employees there.

51.     On November 17, 2020, Plaintiff also sent a letter to Anderson, and a letter to the address listed for the Bushes for Case No. 13160CV2344 on Missouri's Case.net system.

52.     In his letters to Anderson and to the Bushes, Plaintiff reiterated that he was not the Lenard Robinson against whom the Bushes had obtained a default judgment in Case No. 1316-CV2344, and provided his middle name, the last four digits of his social security number, and his date of birth as evidence that they were attempting to garnish the wages of the wrong person.

53.     In his November 17, 2020, letters, Plaintiff again asked eCollect Solutions to contact him, and informed them his credit report and other similar documentation would confirm he was not the Lenard Robinson against whom the Bushes had received a default judgment.

54.     On November 20, 2020, Plaintiff reviewed his electronic paystub from his employer which reflected that $222.87 had been garnished from his wages for that pay period.

55.     Upon information and belief, Plaintiff alleges that on or around November 23, 2020, his employer notified eCollect Solutions that Plaintiff was not the Lenard Robinson subject to the default judgment entered in Case No. 1316-CV2344.

56.     Plaintiff never received a response from eCollect Solutions, Anderson, or the Bushes.

57.     Despite Plaintiff's repeated attempts to contact eCollect Solutions and Anderson to inform them of their mistake, eCollect Solutions has taken no steps to release Plaintiff's employer from the garnishment or otherwise correct their error.

<u>**COUNT I**</u>
**Violation under FDCPA, 15 U.S.C. §§ 1692 *et seq.***
**Harassment or Abuse, False or Misleading Representations, and Unfair Practices**

58.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

59.     The natural consequence of eCollect Solutions' refusal to respond to Plaintiff's repeated communications or to withdraw its garnishment of his wages upon receipt of information sufficient to distinguish him from the actual debtor was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. *See* 15 U.S.C. § 1692d.

60.     The service of the Order of Garnishment on Plaintiff's employer for a debt owed by someone other than Plaintiff was a false representation of the character of the debt in question. *See* 15 U.S.C. § 1692e(2)(A).

61.     The filing of the unsigned and unsworn Affidavit in Support of Registration of Foreign Judgment by Iloka constituted a false representation or implication that any individual, to wit Iloka, is an attorney. *See* 15 U.S.C. § 1692e(3); K.S.A. § 60-3002.

62.     The filing of the Request for Garnishment by Anderson constituted a false representation or implication that any individual, to wit Anderson, is an attorney. *See* 15 U.S.C. § 1692e(3).

63.     The service of the Order of Garnishment on Plaintiff's employer for a debt owed by someone other than Plaintiff was the collection of an amount neither authorized by an agreement creating a debt nor permitted by law. *See* 15 U.S.C. § 1692f(1).

64.     At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of eCollect Solutions, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by eCollect Solutions, thus making eCollect Solutions liable for said actions under the doctrine of *respondeat superior*.

65.     As a direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff's wages were garnished.

66.     As a further direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

67.     eCollect Solutions does not maintain procedures reasonably adapted to avoid the conduct as alleged by Plaintiff.

68.     eCollect Solutions' conduct was intentional and not the result of a bona fide error.

69.     Pursuant to the provisions of the FDCPA, Plaintiff is entitled to recover his reasonable attorney's fees from eCollect Solutions.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against eCollect Solutions for his actual damages, including but not limited to improperly garnished wages and emotional distress; for statutory damages; for reasonable attorney's fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.*
### Unauthorized Practice of Law

70.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

71.     Anderson and Iloka are not licensed or otherwise authorized by the Kansas Supreme Court to practice law in the state of Kansas.

72.     In filing the documents in Case No. 20CV04473 purportedly on behalf of judgment creditor Mark Bush, Anderson and Iloka improperly held out to the public or otherwise represented, expressly or by implication, that they were admitted to practice law in the State of Kansas.

73.     By improperly representing they were admitted to practice law in the State of Kansas through preparing and filing the documents in Case No. 20CVY04473 purportedly on behalf of judgment creditor Mark Bush, Anderson and Iloka engaged in the unauthorized practice

of law, which constitutes an unconscionable act pursuant to the KCPA, K.S.A. §§ 50-6,142(b), 50-627.

74.      Plaintiff was aggrieved by Anderson's and Iloka's improper representations that they were admitted to practice law in the State of Kansas because his wages were improperly subject to garnishment as a result of those representations.

75.      At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of eCollect Solutions, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by eCollect Solutions, thus making eCollect Solutions liable for said actions under the doctrine of *respondeat superior*.

76.      As a direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff incurred actual damages including the garnishment of his wages, and the loss of a half-day of work on November 17, 2020.

77.      As a further direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

78.      eCollect Solutions' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish eCollect Solutions or to deter eCollect Solutions and other entities from like conduct in the future.

79.      Pursuant to K.S.A. §50-634, to the extent Plaintiff's damages do not exceed $10,000, Plaintiff is entitled to a civil penalty not to exceed that amount.

80.     Pursuant to K.S.A. §50-634, Plaintiff is entitled to recover his reasonable attorney's fees from eCollect Solutions.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against eCollect Solutions for economic damages, including but not limited to wages garnished and back pay for work missed; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for civil penalties; for reasonable costs and attorneys fees; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation under Kansas Common Law
### Abuse of Process

81.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

82.     eCollect Solutions made an improper use of process by serving an Order of Garnishment for the debt of an individual other than Plaintiff on Plaintiff's employer and by refusing to release its garnishment of Plaintiff's wages upon receipt of Plaintiff's communications.

83.     eCollect Solutions also made an improper use of process because it failed to conform to the applicable statutes and rules for civil procedure in registering a foreign judgment and requesting garnishment of Plaintiff's wages, specifically:

a.   It sought certification of the default judgment obtained in Case No. 1316-CV23441 outside the Kansas statute of limitations applicable to similar actions, and/or after a similar judgment would have been deemed dormant if entered in a Kansas court. *See* K.S.A. §§ 60-511(5), 60-2403, 60-3003.

b.  It failed to provide Plaintiff with timely notice of the garnishment order after it was served on Plaintiff's employer as required by K.S.A. § 60-735, thus, depriving him of due process, including his opportunity to request a hearing;

c.  It filed an unsworn Affidavit in Support of Registration of Foreign Judgment which did not comply with the requirements of K.S.A. § 60-3003 or K.S.A. § 53-601(a)(1)-(2);

d.  It failed to provide Plaintiff with notice of the filing of the foreign judgment and affidavit as required by of K.S.A. § 60-3003, which also deprived Plaintiff of due process, including the opportunity to timely move for a stay of enforcement of the foreign judgment; and

e.  It failed to file a release of garnishment as required upon notice that there were no wages to properly garnish as required by K.S.A. § 60-734.

84.     eCollect Solutions made improper use of process with knowledge that Plaintiff was not the correct debtor, or with reckless disregard for the truth thereof.

85.     eCollect Solutions had knowledge that its registration of foreign judgment and request for garnishment did not conform with the applicable statutory procedures.

86.     eCollect Solutions' improper use of process was done for the purpose of harassing Plaintiff, causing great inconvenience to Plaintiff, and/or creating great hardship to Plaintiff.

87.     eCollect Solutions used the legal process for an end other than that which it was designed to accomplish—*i.e.* collecting a lawfully-owed debt from a proper judgment debtor—as evidenced by eCollect Solutions' failure to conform with the applicable statutory procedures for registering a foreign judgment and requesting a garnishment of Plaintiff's wages, and by failing to release the garnishment after being contacted by Plaintiff and apprised of its mistake.

88.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of eCollect Solutions, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by eCollect Solutions thus making eCollect Solutions liable for said actions under the doctrine of *respondeat superior*.

89.     As a direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff incurred damages including the garnishment of his wages, and the loss of a half-day of work on November 17, 2020.

90.     As a further direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

91.     eCollect Solutions' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish eCollect Solutions or to deter eCollect Solutions and other entities from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against eCollect Solutions for economic damages, including but not limited to wages garnished and back pay for work missed; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**<u>COUNT IV</u>**
**Violation under Kansas Common Law-**
**Wrongful Garnishment**

92.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

93.     Plaintiff is the true owner of his wages from his employer.

94.     By requesting an order of garnishment against Plaintiff's wages, eCollect Solutions engaged in a wrongful garnishment because there was no judgment against Plaintiff, and Plaintiff's wages were not the property of the true judgment debtor against whom eCollect Solutions was attempting to collect a debt.

95.     eCollect Solutions also engaged in a wrongful garnishment of Plaintiff's wages by failing to release the garnishment within a reasonably prompt period of time after Plaintiff informed it of its mistake.

96.     eCollect Solutions had no probable cause or reasonable grounds for believing that Plaintiff's wages from his employer were the property of the true judgment debtor named Lenard Robinson as evidenced by several facts, including, *inter alia,* that the address it provided for Lenard Robinson was located more than two hours away from the address of his place of employment; that the last four digits of Plaintiff's Social Security number did not match the last four digits of the true judgment debtor's Social Security number, and that Plaintiff's date of birth differed from the date of birth of the true judgment debtor.

97.     At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of eCollect Solutions, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by eCollect Solutions, thus making eCollect Solutions liable for said actions under the doctrine of *respondeat superior*.

98.     As a direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff incurred damages including the garnishment of his wages, and the loss of a half-day of work on November 17, 2020.

99.     As a further direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

100.     eCollect Solutions' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish eCollect Solutions or to deter eCollect Solutions and other entities from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against eCollect Solutions for economic damages, including but not limited to wages garnished and back pay for work missed; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V
### Violation under Kansas Common Law-
### Negligence

101.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

102.     eCollect Solutions owed Plaintiff a reasonable duty of care under the circumstances to prevent and avoid instituting garnishment proceedings against the wrong individuals.

103.     eCollect Solutions breached its duty to Plaintiff by failing to confirm they had the correct debtor by cross-referencing the appropriate personal information, including but not limited to his date of birth, his social security number, or his current or previous addresses.

104.     As a direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff incurred damages including the garnishment of his wages, and the loss of a half-day of work on November 17, 2020.

105.     As a further direct and proximate result of eCollect Solutions' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

106.     eCollect Solutions' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish eCollect Solutions or to deter eCollect Solutions and other entities from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against eCollect Solutions for economic damages, including but not limited to wages garnished and back pay for work missed; for compensatory damages, including but not limited to garden variety emotional distress; for punitive damages; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

*(Signature on following page)*

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:  /s/ Joshua P. Wunderlich
    M. Katherine Paulus   KS BAR #23866
    m.paulus@cornerstonefirm.com
    Joshua P. Wunderlich D. Kan. #78506
    j.wunderlich@cornerstonefirm.com
    5821 NW 72nd St.
    Kansas City, Missouri 64151
    Telephone          (816) 581-4040
    Facsimile          (816) 741-8889

    ATTORNEYS FOR PLAINTIFF