IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LENARD ROBINSON           Plaintiff,<br><br>v.<br><br>ECOLLECT SOLUTIONS, LLC           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:21-cv-2021-SAC-KGG<br>)<br>)<br>)<br>)<br>)<br>) |

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff's "Motion for Default Judgment" (Doc. 9) has been referred by the District Court to the Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has reviewed the Plaintiff's submission and **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion.

### I. Procedural Background

On January 13, 2021, Plaintiff filed a Complaint for Damages alleging, *inter alia*, that Defendant had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"); Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. ("KCPA"); and Kansas common law, when it garnished wages from Plaintiff's employer to collect on a debt not owed by Plaintiff. (Doc. 1). Plaintiff effected service of process on Defendant on February 1, 2021, by serving Defendant's registered agent in the state of Missouri, Incorp Services, Inc. (Doc. 3). Defendant, ECollect Solutions, Inc. (herein

1

"ECollect") was required to file an Answer in this matter on or before February 22, 2021 but has failed to file an Answer. The clerk entered Defendant's default on March 11, 2021. (Doc. 6). The Court held a hearing on August 20, 2021.

## II.   Legal Standard

Rule 55(a) allows the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. When the plaintiff's claim is not for a sum certain (as is the case here), then the plaintiff must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citations and internal quotation marks omitted). The court accepts as true all well-pleaded factual allegations in the complaint. However. this does not extend to allegations regarding the extent of damages. *Automobile Club Family Ins. Co. v. Gutierrez*, No. 19-2752-DDC-TJJ, 2020 WL 9814206, at *2 (D. Kan. Nov. 30, 2020). *See also Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) (explaining that the court takes the factual allegations in the complaint as true, "except for those relating to the amount of damages"). "'[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). The court has broad discretion when deciding whether to enter an order for default judgment. *Mathiason*, 187 F. Supp. 3d at 1274.

**III.   Findings of Fact and Conclusions of Law**

After reviewing record in the case and accepting the well-pleaded allegations in the complaint, the Court finds that:

1. Plaintiff filed this action on January 13, 2021. (Doc. 1). The Plaintiff alleges claims that arise under federal law. 28 U.S.C. § 1331 (providing courts jurisdiction over civil actions that arise under federal law). The Court thus has subject-matter jurisdiction over the federal law claims.

2. Plaintiff alleges claims that arise under state law but arise from the same operative fact as the federal law claims. 28 U.S.C. § 1367(a) (providing courts jurisdiction over state law claims that are part of the same case or controversy as the federal law claims). The court thus exercises supplemental jurisdiction over the state law claims.

3. The court has personal jurisdiction over the Defendant because the record reflects that it was properly served in accordance with Fed. R. Civ. P. 4(e)(1) and 4(h)(1). *Esurance Ins. Co. v. Streeter*, No. 2:19-CV-2065-JAR-JPO, 2019 WL 3282789, at *2 (D. Kan. July 22, 2019) (explaining that personal jurisdiction must be established prior to entering an order of default judgment).

4. The record shows no evidence that the defaulting defendant is a minor or incompetent. So, default judgment may be entered against it. *Gutierrez*, 2020 WL 9814206, at *3 (explaining that the court can only enter default judgment against defendants the court determines are not minor or incompetent persons).

5. The principal purpose of ECollect's business is the collection of debts. (Doc. 1, at ¶6). At all relevant times, ECollect Solutions regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. (*Id.* at ¶7).

6. In November 2020, ECollect served a garnishment order on Plaintiff's employer but not on Plaintiff. On November 13, 2020, Plaintiff's wages were garnished. (*Id.* at ¶¶35–37; *see also* Doc. 9-1, at 1). The transaction underlying the debt for which Ecollect garnished Plaintiff's wages was for unpaid rent of a residential property. (Doc. 1 at ¶¶ 13, 19–20, 28).

7. To effectuate this garnishment, representatives for Defendant, Godwin Iloka ("Iloka") and Michael Anderson ("Anderson") filed garnishment documents with the District Court of Johnson County, Kansas. (*Id.* at ¶¶21, 28–29). There is no attorney named Godwin Iloka or Michael Anderson who are authorized to practice law in the state of Kansas at the time the garnishment documents were filed. (*Id.* at ¶¶25–26, 30–32).

8. Plaintiff's paystub reflected the garnishment by Defendant. Plaintiff contacted the representative identified on Defendant's garnishment paperwork provided to Plaintiff's employer by both telephone and email and notified that person that Defendant was garnishing the wages of the wrong person, calling to that person's attention the differences between Plaintiff's social security number, date of birth, and past and current addresses and those of the proper garnishee. (Doc. 1 at ¶¶46-48; Doc. 9-1, at 4). Plaintiff also attempted to contact Defendant's representative by telephone, email, United States mail, and in person at Defendant's office on November 15, 16, and 17 of 2020. (Doc. 1 at ¶¶49–51; Doc. 9-1, at 4–5).

9. Plaintiff was not the person who owed the debt underlying the wage garnishment.

10. Despite Plaintiff's repeated attempts to correct Defendant's error over the preceding week, Plaintiff's wages were again garnished on November 20, 2020. (Doc. 1 at ¶54; Doc. 9-1, at 5). Plaintiff never received a response from Defendant, nor was he given any indication from Ecollect that they no longer intended to pursue garnishment against him. (Doc. 1 at ¶¶56-57).

11. $431.53 were garnished from Plaintiff's wages. Plaintiff missed four hours of work on November 17, 2020 to try to meet with Defendant's representatives in person to have the garnishment removed. Plaintiff worked more than 40 hours that week and was otherwise entitled to overtime pay. Plaintiff ultimately received the $431.53 back from his employer.

The Plaintiff alleges that three provisions of the FDCPA have been violated: §§ 1692d, 1692e, and 1692f. Only one provision of the FDCPA needs to have been violated to allow for remedies. 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the

4

collection of any debt." The Defendant incurred liability under the FDCPA when it falsely represented that the Plaintiff owes a debt when it garnished his wages. *See e.g.*, *Brown v. SWC Grp. LP*, No. 1:17-CV-2277-LMM-JKL, 2019 WL 1147125, at *11 (N.D. Ga. Jan. 10, 2019); *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 254 (S.D.N.Y. 2011). Therefore, Defendant is liable under 15 U.S.C. § 1692e.

15 U.S.C. § 1692k is the civil liability section of the FDCPA. The section grants: actual damages, statutory damages of not more than $1000, and costs and reasonable attorney fees. *Id.* Courts may interpret "actual damages" as including damages for emotional distress. *See Webb v. Premiere Credit of N. Am.,* LLC, No. 12-cv-2001-JAR-KGS, 2012 WL 23539434, at *3 (D. Kan. June 20, 2012). The District of Kanas has indicated that the standard for establishing emotional address for a FDCPA violation is a more lenient standard than that of the Kansas tort of Intentional Infliction of Emotional Distress. *Id.* When awarding statutory damages, the court shall take into account the frequency and persistence of noncompliant conduct, the nature of such noncompliance, resources of the debt collector, the number of persons affected, and the extent to which the noncompliance was intentional. *Id.* § 1692k(b)(1).

The Plaintiff also alleges the Defendant engaged in an "unconscionable" act in violation of the KCPA. A consumer is aggrieved by a violation of the KCPA if he suffered a loss or injury resulting from the violation. *Finstad v. Washburn University*, 845 P.2d 685, 692 (Kan. 1993). Under the KCPA (K.S.A. § 50-627), the statute provides that: "No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction." The "unconscionable" act alleged is the unauthorized practice of

law in the state of Kansas. Indeed, K.S.A. § 50-6,142(b) provides that engaging in the authorized practice of law constitutes an unconscionable act in violation of K.S.A. § 50-627, "whether or not it involves a consumer, a consumer transaction or a supplier." The Court finds that the Defendant engaged in the unauthorized practice of law, and that unauthorized practice of law caused a grievance to the Plaintiff. The civil penalties section of the KCPA is K.S.A. § 50-636. The Plaintiff may recover statutory damages of not more than $10,000 for each violation. *Id.* § 50-636(a). The Kansas state court decision of *Equitable Life Leasing Corp. v. Abbick* has interpreted the KCPA to allow for punitive damages. 757 P.2d 304, 307 (Kan. 1988). *See Eastman v. Coffeyville Res. Ref. & Mktg., LLC*, No. CIV.A. 10-1216-MLB, 2013 WL 3991803, at *3 (D. Kan. Aug. 5, 2013).

In the District of Kansas, the elements of an abuse of process claim are: (1) that the defendant made an illegal, improper, or perverted use of the process (a use neither warranted nor authorized by the process); (2) that the defendant had an ulterior motive or purpose in exercising such use of the process; and (3) that damage resulted to the plaintiff from the irregularity. *Davis v. Nebraska Furniture Mart, Inc.*, No. 11-2559-JAR, 2012 WL 1252633, at *4 (D. Kan. Apr. 13, 2012), *aff'd*, 567 F. Appx. 640 (10th Cir. 2014). The Court finds that the Defendants committed an abuse of process when they falsely represented themselves as a lawyer and availed themselves of the courts to wrongfully garnish wages.

A cause of action for wrongful garnishment usually arises when the property garnished is not that of the judgment debtor. 38 C.J.S. *Garnishment* § 454, Westlaw

(database updated August 2021). "A claim for wrongful garnishment arises regardless of whether the creditor acted with malice … and can arise even in circumstances in which the creditor had probable cause to believe that garnishment was justified, …" *Burton v. Bird*, No. 91,351, 2004 WL 2384236, at *4 (Kan. Ct. App. 2004) (unpublished) (citing *Vanover v. Cook*, 260 F.3d 1182, 1189 (10th Cir. 2001)). The Court finds that the Defendant wrongfully garnished Plaintiff's wages.

The elements for negligence are well-known: (1) the defendant needs to have owed a duty to a plaintiff; (2) the defendant breached that duty; (3) the plaintiff's injuries were caused by the breach; and (4) the plaintiff suffered damages. *Reardon for Estate of Parsons v. King*, 452 P.3d 849, 854 (Kan. 2019). Debt collectors have "a duty to conduct a simple investigation to verify the debtor's identity" before seeking to garnish wages. *Reid v. LVNV Funding, LLC*, No. 2:14CV471DAK, 2016 WL 247571, at *7 (D. Utah Jan. 20, 2016). The Court finds that Defendant was negligent.

## IV.   Default Judgment

The Court **RECOMMENDS** default judgment under Fed. R. Civ. P. 55(b)(2) on its claims against Defendant, ECollect, as set forth below.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Motion for Default Judgment (Doc. 9) be **GRANTED**.

**IT IS FURTHER RECOMMENDED THAT** under Fed. R. Civ. P. 55(b)(2), the Clerk of the Court be instructed to enter default judgment against Defendant ECollect Solutions, LLC.

**IT IS FURTHER RECOMMENDED THAT** the District Court grant the following relief to Plaintiff Lenard Robinson:

1. Economic damages in the amount of $541.45;
2. Non-economic damages in the amount of $10,000;
3. Statutory damages in the amount of $1,000 pursuant to the FDCPA;
4. Punitive damages in the amount of $50,000; and

The amount of damages totals to $61,541.45.

**IT IS FURTHER RECOMMENDED THAT** the District Court grant an award of attorneys fees subject to Plaintiff's motion. It is recommended that Plaintiff be given thirty (30) days to file any motion for attorneys fees.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be entered into the Court's docketing system and sent to Plaintiff via CM/ECF notification. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, any interested party shall have fourteen (14) days after service of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. The failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated October 20, 2021, at Wichita, Kansas

/S Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge