IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

LENARD ROBINSON,

        Plaintiff,

Vs.                                    No. 21-2021-SAC-KGG

ECOLLECT SOLUTIONS, LLC,

        Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the Magistrate Judge's report and recommendation on the plaintiff Lenard Robinson's motion for default judgment (ECF# 9). ECF# 14. The plaintiff filed this action seeking damages from the defendant eCollect Solutions, LLC ("eCollect") for garnishing his wages from his employer to collect on a debt which the plaintiff did not owe. The plaintiff's complaint alleges claims for the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq.*, and Kansas common law. The plaintiff effected service upon InCorp Services, the registered agent for the defendant eCollect in Missouri. ECF# 3. When eCollect failed to file an answer within the required time, the clerk entered default on the plaintiff's application. ECF## 4, 5, and 6. The plaintiff thereafter filed a

1

motion for default judgment. ECF# 9. The plaintiff's counsel certified sending copies of this motion to eCollect's resident agent and to eCollect's stated business address for claims. ECF# 9, p. 22. The plaintiff's motion was referred to the Magistrate Judge for a report and recommendation. ECF# 10. The Magistrate Judge conducted an evidentiary hearing and filed his report and recommendation on October 20, 2021. ECF# 14. The time for filing objections to the report and recommendation has passed without any being filed. Thus, the defendant has waived its right to de novo review pursuant to 28 U.S.C. § 636(b)1). *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004))

After reviewing the record, the district court accepts, approves, and adopts as its order the Magistrate Judge's report and recommendation as filed. The Magistrate Judge correctly accepted the well-pleaded factual allegations in the complaint and rightly found there to be subject matter jurisdiction over the FDCPA claims and supplemental jurisdiction over the KCPA and Kansas common-law claims. The court agrees personal jurisdiction over eCollect exists in that service was properly obtained. Likewise, the court agrees with the report and recommendation in accepting the well-pleaded allegations that eCollect had filed garnishment documents in the District Court of Johnson County, Kansas, which resulted in a garnishment order subsequently

served on the plaintiff's employer. The filed court documents state eCollect to be represented by named persons who claim to be attorneys authorized to practice law in Kansas, but there are no such named persons authorized to practice law in Kansas. Finally, the plaintiff's wages were garnished for a debt not owed by the plaintiff.

Based on these well-pleaded facts, the court accepts and adopts the Magistrate Judge's conclusion that eCollect violated 15 U.S.C. § 1692e in using a false representation in connection with the collection of a debt when it falsely represented that the plaintiff owed a debt in obtaining a garnishment order and in having his wages garnished. The court also agrees that the well-pleaded facts show an unconscionable act in violation of KCPA in that eCollect engaged in the unauthorized practice of law by effectuating the garnishment through the stated representation of certain named individuals as authorized to practice law in Kansas when no such individuals were authorized to practice law in Kansas. The well-pleaded facts also show the defendant to be liable for abuse of process in falsely representing persons to be authorized to practice in Kansas and in using the courts to wrongfully garnish wages. Finally, the defendant is also liable for wrongful garnishment and negligence based on the facts as alleged and accepted.

After considering the evidence presented at the hearing, the

Magistrate recommended the court grant the following relief: economic damages of $541.45, non-economic damages in the amount of $10,000, statutory damages under FDCPA in the amount of $1,000, and punitive damages in the amount of $50,000. The recommended total damage award is $61,541.45. As there have been no objections filed to these recommended amounts of damages, the court will adopt them in their entirety.

The magistrate judge further recommends an award of reasonable attorney fees to the prevailing plaintiff pursuant to the FDCPA and the KCPA. The court accepts the magistrate judge's recommendation and directs the plaintiff to comply with D. Kan. Rule 54.2.

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation (ECF# 14) granting the plaintiff's motion for default judgment (ECF# 9) and awarding damages as determined after an evidentiary hearing is accepted, approved, and adopted as the district court's own order. For the defendant eCollect having violated the FDCPA and the KCPA and having committed Kansas common law torts, the clerk of the court shall enter judgment for the plaintiff to recover from the defendant eCollect the following: economic damages of $541.45, non-economic damages in the amount of $10,000, statutory damages under FDCPA in the amount of $1,000, and punitive damages in the amount of $50,000, for a total damage award is

$61,541.45. The judgment also shall reflect that the plaintiff recovers reasonable statutory attorney fees under the FDCPA and the KCPA in an amount to be determined after the plaintiff's compliance with D. Kan. Rule 54.2.

Dated this 30th day of November, 2021, Topeka, Kansas.


  _/s Sam A. Crow_____
  Sam A. Crow, U.S. District Senior Judge