IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

LENARD ROBINSON,

                Plaintiff,

Vs.                                                                           No. 21-2021-SAC-KGG

ECOLLECT SOLUTIONS, LLC,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Lenard Robinson's motion to amend judgment to include an award of attorney's fees. ECF# 17. The plaintiff filed this action seeking damages from the defendant eCollect Solutions, LLC ("eCollect") for garnishing his wages from his employer to collect on a debt which the plaintiff did not owe. The plaintiff's complaint alleges claims for the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq., and Kansas common law. Following service upon its registered agent, eCollect failed to answer, and the clerk entered default. The plaintiff followed up with his motion for default judgment that was referred to magistrate for report and recommendation. No pleadings, responses, or objections were filed by eCollect to any of these matters. Thus, the magistrate judge's report and recommendation (ECF# 14) granting the plaintiff's motion for default judgment and awarding damages as determined after an evidentiary hearing was accepted, approved, and adopted as the district court's own

1

order. ECF# 15. The district court also accepted the magistrate judge's recommendation for an award of reasonable attorney fees to the plaintiff as the prevailing party under the FDCPA and KCPA. The court's order directed that the amount of reasonable statutory attorney fees would be determined after the plaintiff's compliance with D. Kan. Rule 54.2. ECF# 15. The plaintiff thereafter filed this pending motion to amend judgment on December 31, 2021. ECF# 17. The plaintiff also filed his bill of costs seeking only his filing fee. ECF# 18.

The certificate of service on the plaintiff's motion states it was sent to eCollect's registered agent "and to Defendant's stated business address for claims." ECF# 17, p. 12. The plaintiff recently filed another certificate of service confirming the plaintiff's motion was served on eCollect's new registered agent who is the Missouri Secretary of State. ECF# 19.

The court has found that the plaintiff is entitled to an award of reasonable attorney fees for bringing a successful action under the FDCPA, which allows the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692(k). The plaintiff also is entitled to reasonable attorney fees as the prevailing consumer in his KCPA claim. K.S.A. 50-634(e).

Arriving at an award of reasonable attorneys' fees begins with determining the lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012). A court may increase or decrease the lodestar "to account for the particularities of the suit and its outcome." *Id*. "The party requesting attorney fees

bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)). The Tenth Circuit has said this burden entails:

> In order to prove the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* at 1250. The district court can reduce the number of hours when the time records provided to the court are inadequate. *Id.* Finally, the district court must reduce the actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party. *Id.*
>
> When determining the appropriate rate to apply to the reasonable hours, "the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *Id.* at 1255. The party requesting the fees bears "the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir.1998) (quotation marks and citation omitted). The focus must be on the "prevailing market rate in the relevant community." *See id.* (quotation marks and citation omitted). "[A] district court abuses its discretion when it ignores the parties' market evidence and sets an attorney's hourly rate using the rates it consistently grant[s]." *Case*, 157 F.3d at 1255 (quotation marks and citation omitted). The court may not use its own knowledge to establish the appropriate rate unless the evidence of prevailing market rates before the court is inadequate. *Id.* at 1257; *see Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir.1987).

*United Phosphorus, Ltd.*, 205 F.3d at 1233–34. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee" under the statute. *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998) (internal quotation marks and citation omitted); *see Farabee. Perfection Collection LLC*, No.

3

17-2528-JAR, 2018 WL 3495843, at *4 (D. Kan. Jul. 20, 2018).

"A district court is justified in reducing the reasonable number of hours if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time." *Case*, 157 F.3d at 1250 (internal quotation marks and citation omitted). If the time records are adequate, the court still "must . . . ensure that the winning attorneys have exercised billing judgment." *Id.* (internal quotation marks and citation omitted). Billing judgment means reducing the hours to those "reasonably expended" by excluding hours that would not be billed to a client such as "background research." *Id.* (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). Thus, the court looks at specific tasks and determines if "they are properly chargeable." *Case*, 157 F.3d at 1250.

Hours may be reduced for those "that were unnecessary, irrelevant and duplicative." *Id.* (internal quotation marks and citation omitted). Hours spent reading background cases or familiarizing oneself with the general area of law should be absorbed in the firm's overhead and not be billed to the client. *Ramos*, 713 F.2d at 554. The hours to be included are only those billed for work done on claims eligible for fee-shifting unless those hours "would have been expended even if the plaintiff had not included non-fee shifting claims in his complaint." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 168 n. 4 (2d Cir. 2011). The "'party seeking attorney's fees . . . has a duty to segregate nonrecoverable fees from recoverable fees.'" *Farabee*, 2018 WL 3495843, at *5 (quoting *Top Pearl, Ltd. v. Cosa Freight, Inc.*, No. H-10-1249, 2013 WL 5575878, at *3 (S.D. Tex. Oct. 9, 2013)). "[T]he overriding consideration . . . [is]

4

whether the attorney's hours were 'necessary' under the circumstances," and this entails asking "what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Robinson v. City of Edmond*, 160 F.3d at 1281.

The plaintiff submits time records and requests fees in the total amount of $35,520.00 for 77.20 hours billed by two attorneys by M. Katherine Paulus (5.2 hours x $600) and Joshua Wunderlich (72 hours x $450). Both attorneys seek fees based on their standard hourly rates charged for their work in employment law cases. The plaintiff's motion recognizes that the 2021 reported billing rates for Kansas City-area consumer rights attorney ranges from $300 to $500 with an average rate of $383. ECF# 17, pp. 3-4. The plaintiff's counsels ask for the higher rates they typically charge in their employment law practice, because they "should not be punished for taking a case in a practice area that historically bills lower by forcing them to reduce their regular billing rate." *Id*. at 4. No legal authority is cited in support of this argument. For good reason, the general rule is that "[t]he hourly rate should be based on the lawyers' skill and experience in . . . analogous litigation." *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (internal quotation marks and citations omitted); see *Ross v. Jenkins*, 325 F.Supp.3d. 1141, 1181 (D. Kan. 2018) ("court 'should base its hourly rate award on what the evidence shows the market commands for . . . . analogous litigation.'" (quoting *Case*, 157 F.3d at 1255)). The plaintiff's counsel admit their practice is "primarily geared toward employment discrimination and wage theft." ECF# 17, p. 4. Therefore, neither Ms. Paulus nor Mr. Wunderlich can claim to

5

have the skill and experience deserving of the upper range of fees charged by Kansas City-area consumer rights attorneys. The court shall reduce the hourly rates to $400 for Ms. Paulus and $300 for Mr. Wunderlich. The court finds these rates consistent not only with their general skill and experience but with the evidence of hourly rates charged by consumer right attorneys practicing in the relevant community. *See Farabee*, 2018 WL 3495843, at \*6-\*7; *Tripp v. Berman & Rabin P.A.*, No. 14-2646-DDC, 2017 WL 2289500, at \*5-\*6 (D. Kan. May 25, 2017).

The plaintiff's attorneys recognize that time spent doing background research to become familiar with the relevant area of law is "presumptively unreasonable" to bill. ECF# 17, p. 7. They admit they "do not regularly practice in the area of consumer rights," but they argue their experience with analyzing and applying other federal employment laws "translated significantly well to the current case." ECF# 17, p. 9. They also attribute the substantial hours billed for research to file the complaint as owing to the facts of this case being "relatively novel" and requiring more legal support to ensure all claims were correctly pleaded. *Id*. at p. 7. As for the substantial hours billed for the default judgment motion, "it was again important to thoroughly research the nuances of the FDCPA (as well as the laws surrounding Plaintiff's other claims), to provide a reasoned argument for the Court as to why the conduct described in Plaintiff's Complaint legally satisfied his claims." *Id*. The plaintiff's attorneys opine that the atypical facts of this case would have had an experienced consumer rights practitioner doing "a good deal of time researching the legal issues in this case." *Id*.

The court appreciates the legal novelty in claiming a violation of 15 U.S.C. § 1692d, but the plaintiff had straight forward claims under 15 U.S.C. § 1692e and 15 U.S.C. § 1692f based on the defendant asserting in the state garnishment proceeding that the plaintiff owed a debt that was not his debt. The plaintiff did not pursue separate remedies on the § 1692d allegations and did not ask for any additional relief in the default judgment proceeding. The magistrate judge's report and recommendation only stated a simple and direct finding of a § 1692e violation. For that matter, the plaintiff's KCPA claim also turned on the simple finding that the defendant's agents held themselves out as attorneys. Legal research of this claim would not have been involved or complicated.

The submitted billing records appear to include time spent researching and drafting pleadings for the state common-law claims. The court finds no evidence to show that the plaintiff's attorneys segregated their time spent on the fee-shifting claims and reported only those hours. Instead, the billing notation for Ms. Paulus reads, "Research and analyze additional potential claims under Kansas state law and revise draft Complaint accordingly." ECF# 17-2, p.4. In addition, the plaintiff in his fee motion also argues, as quoted above, the importance of researching "the laws surrounding Plaintiff's other claims," which necessarily includes these state common law claims. Consequently, the court will impose a percentage reduction because the billing records fail to bill only for legal work done on the fee-shifting claims. The court will reduce the claimed hours by 33% to correspond with the pages and work done on the state common-law claims as so reflected in the complaint and the motion

for default judgment.

The court also finds several instances where the hours billed for research and drafting to be excessive even after the above percentage reduction. Specifically, the total hours spent researching and drafting the motion for default judgment is unreasonable, as is the time billed for drafting and submitting the proposed report and recommendation. The court deducts an additional five hours from those billed by Mr. Wunderlich. More hours would have been reduced as unreasonable if counsel had not exercised billing judgment by not submitting any hours for the motion for fees. The court's final calculation of fees is as follows:   Ms. Paulus: 3.5 hrs (5.2 less 33% reduction) x $400 = $1,400; Mr. Wunderlich: 43.2 hrs (72 less 33% deduction and less 5 hrs) x $300 = $12,960; for a total fee award of $14,360. The court believes this award is more than reasonable and even generous compared to other consumer right cases involving default judgment. *See Farabee*, 2018 WL 3495843, at *7. The court accepts this lodestar calculation as presumptively reasonable and makes no further adjustments.

IT IS THEREFORE ORDERED that the plaintiff's motion to amend judgment to include an award of attorneys' fees (ECF# 17) is granted in part, and that consistent with this order the clerk shall enter an amended judgment awarding attorneys' fees to the plaintiff in the total amount of $14,360.

Dated this 25th day of January, 2022, Topeka, Kansas.

　　　　　　　　　　　　　　　　_/s Sam A. Crow_____
　　　　　　　　　　　　　　　　Sam A. Crow, U.S. District Senior Judge